RUSSELL ALEXANDER
514 East Van Beck Avenue
Milwaukee, WI 53207-4460

      Plaintiff,

      v.                            Case No: 25-CV-1001

ATI LADISH LLC,                **JURY TRIAL DEMANDED**
D/B/A ATI FORGED PRODUCTS
116 15th Street, Suite 301, Box 1
Pittsburgh, PA 15222

      Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Russell Alexander, by his counsel, HEINS EMPLOYMENT LAW PRACTICE LLC, by Attorneys Janet L. Heins and Alan Freed, Jr., as and for a claim against the Defendant, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), 42 U.S.C. §12101 *et seq.,* the Rehabilitation Act of 1973 ("Rehab Act"), as amended, 29 U.S.C. § 794, *et seq.,* and the Family & Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

2. This court has supplemental jurisdiction over the Wisconsin claim of wrongful discharge pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices giving rise to the Plaintiff's claims occurred

within the Eastern District of Wisconsin, and venue is therefore proper in this District pursuant to 28 U.S.C § 1391(b), *inter alia.*

## THE PARTIES

4.      Plaintiff, Russell Alexander, is an adult male resident of the State of Wisconsin, residing in Milwaukee County at 514 East Van Beck Avenue, Milwaukee, WI 53207-4460.

5.      Defendant, ATI Ladish LLC, d/b/a ATI Forged Products (ATI) was, at all times material herein, a domestic limited liability company with a principal address of 116 15th Street, Suite 301, Box 1, Pittsburg, PA 15222, doing substantial business in the State of Wisconsin in interstate commerce at 5481 South Packard Avenue, Cudahy, Wisconsin 53110.

## THE FACTS

6.      Defendant is a covered employer for purposes of the ADAAA, the Rehab Act, and the FMLA.

7.      Plaintiff began working for Defendant on January 8, 2007 as a welder at the Cudahy plant.  Plaintiff held the position of Sub Arc Welder in the Die Room at the time of his termination on August 8, 2024.

8.      Sub Arc welding at Defendant is very dangerous and exposed Plaintiff to dangerous fumes known to cause cancer. The job is very undesirable and difficult to fill by Defendant, and Plaintiff did not want to perform the job but felt he had no choice if he wanted to remain employed.

9.      At all times material herein, Plaintiff had the most seniority in his position at Defendant.

10.      At all times material herein, Plaintiff performed his work duties in accordance with the reasonable expectations of the Defendant.

2

11.     A union steward told Plaintiff already in 2015 that the company had tagged him as a "rabble rouser" because of his previous complaints.

12.     Plaintiff suffers from the disability of anxiety dating back to 2012, of which Defendant has, at all times material herein, been aware.

13.     Since 2015, Plaintiff has submitted FMLA certifications on occasion for FMLA leave for anxiety, which Defendant approved.

14.     Plaintiff has repeatedly requested from Defendant a reasonable accommodation of his disability to work in his position on first shift instead of second shift.  Defendant repeatedly refused that request.

15.     Plaintiff's leadman at Defendant, at all times material herein, was John Vincent, whose intern was John Henjum.

16.     Both Vincent and Henjum routinely harassed Plaintiff at work, micromanaging and intrusively monitoring him, and they knowingly forced Plaintiff to work in unsafe, hazardous conditions while ignoring Plaintiff's stated safety concerns and complaints of harassment and discrimination.

17.     Defendant targeted, harassed and retaliated against Plaintiff for reporting ongoing harassment and discrimination.

18.     Defendant installed transparent welding curtains in the welding area, exposing Plaintiff and welders to flash burns and injuries; at least one welder suffered flash burns because of the faulty welding curtains.

19.     To perform his welding job duties at Defendant, Plaintiff used a fresh air supply with safety monitor to keep him from breathing in workplace contaminants while welding.

20.     In September 2023, Henjum unplugged Plaintiff's fresh air supply power cord and

3

removed the monitor alarm on Plaintiff's unit. Henjum told Plaintiff, "it was only a little gas leak," in complete disregard for Plaintiff's health and safety at work.

21. Plaintiff reported his abusive and discriminatory treatment to various supervisors and managers over the course of his employment, but the abuse continued unabated.

22. Throughout 2023 and 2024, Plaintiff complained verbally of disability discrimination, retaliation, and safety violations in the workplace to supervisors and other officials at Defendant, including Human Resources. Defendant took no action on his complaints.

23. On July 20, 2023, Plaintiff complained in writing to Defendant of discrimination, harassment and safety concerns, but he received no response from Defendant.

24. In 2023 and 2024, Plaintiff heard supervisors at Defendant making negative comments to other employees and discussing Plaintiff's FMLA leave, ridiculing it as his excuse not to work.

25. On or about November 30, 2023, Defendant issued Plaintiff a disciplinary write-up over false allegations of loafing on November 27, 2023 while Plaintiff worked to equalize temperatures to safely weld a 600-degree metal part in a 20-degree workshop.

26. Plaintiff contested the November 2023 writeup and filed a union grievance over it.

27. Defendant locked Plaintiff out of work unpaid while his grievance was pending.

28. Plaintiff appeared at a hearing on his grievance on or about February 20, 2024.

29. During the grievance hearing on February 20, 2024, Star Peterson of Defendant's Human Resources ridiculed, harassed, made jokes about harassment, and shut down Plaintiff and refused to take his grievance seriously or act upon it.

30. On or about February 22, 2024, Plaintiff filed with Defendant several written complaints of discrimination, retaliation, and safety violations in the workplace. These complaints

4

included a demand for a week-long "safety stand down" of the entire plant and alleged that the "entire workplace is unsafe and being ran illegally!" Plaintiff also stated that "Your Dies are extremely cracked and poorly maintained 'by policy,' and you're going to get someone killed."

31. Instead of addressing Plaintiff's complaints, Defendant forced Plaintiff out of work the next day and onto short-term disability leave through Defendant's EAP program on or about February 23, 2024.

32. Defendant viewed Plaintiff's complaints as raising "unfounded concerns about workplace safety and the conditions at ATI," describing Plaintiff's "erratic behavior—a pattern also evident in his text messages with a union representative. The incoherence of these documents caused ATI to become concerned for Mr. Alexander's mental well-being."

33. Defendant approved Plaintiff for short-term disability benefits from on or about February 23, 2024, to July 4, 2024.

34. On or about May 17, 2024, Defendant's EAP administrator informed Defendant that Plaintiff had completed the EAP program without incident.

35. Defendant refused to grant Plaintiff additional medical leave and refused to engage in the interactive process regarding Plaintiff's return to work, and he was never allowed to return to work at Defendant.

36. Defendant terminated Plaintiff's employment on or about August 8, 2024.

37. Plaintiff previously filed an employment discrimination complaint in 2016 against Defendant with the Wisconsin Equal Rights Division, designated as ERD Case No. CR201600463 and cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC") as EEOC Case No. 443-2016-00426C. Plaintiff filed a lawsuit in this Court on that charge, Case No. 17-CV-0812, which was resolved.

38. In 2024, Plaintiff timely filed an employment discrimination complaint against Defendant with the Wisconsin Equal Rights Division, designated as ERD Case No: CR202400733 and cross-filed with the U.S. Equal Employment Opportunity Commission as EEOC Charge No. 26G202401050. The EEOC issued a Notice of Right to Sue on this charge on April 11, 2024 via the U.S. Mail, which Plaintiff received on or about April 13, 2024.

39. Plaintiff has exhausted all of his administrative remedies and has satisfied all conditions precedent to bringing this action.

**FIRST CLAIM FOR RELIEF — ADAAA DISCRIMINATION & RETALIATION**

40. Plaintiff realleges and incorporates paragraphs 1-39 of this complaint by reference.

41. Defendant discriminated against Plaintiff based on disability in the terms and conditions of his employment by refusing to accommodate his known disability, retaliating against him, and in terminating his employment, in reckless disregard of his federally protected rights under the ADAAA, 42 U.S.C. § 12101 *et seq.*

42. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of lost wages, lost employment benefits, loss of reputation among his co-workers, physical pain and suffering, and emotional distress. These damages continue into the present and will continue into the foreseeable future.

**SECOND CLAIM FOR RELIEF — REHAB ACT DISCRIMINATION & RETALIATION**

43. Plaintiff realleges and incorporates paragraphs 1-42 of this complaint by reference.

44. Defendant discriminated against Plaintiff based on his disability in the terms and conditions of his employment, by refusing to accommodate his known disability, retaliating against

6

him, and in terminating his employment, in reckless disregard of his federally protected rights under the Rehabilitation Act of 1973 ("Rehab Act"), as amended, 29 U.S.C. § 794, *et seq.*

45.     As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of lost wages, lost employment benefits, loss of reputation among his co-workers, physical pain and suffering, and emotional distress. These damages continue into the present and will continue into the foreseeable future.

## THIRD CLAIM FOR RELIEF – FMLA INTERFERENCE

46.     Plaintiff realleges and incorporates paragraphs 1-45 of this complaint by reference.

47.     Defendant unlawfully interfered with Plaintiff's use of FMLA leave in reckless disregard of his federally protected rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 825, *et seq.*

48.     As a result of Defendant's intentional interference, Plaintiff has suffered damages in the form of loss of wages and other employment benefits, liquidated damages, and other damages that he will establish at trial.

## FOURTH CLAIM FOR RELIEF—WISCONSIN WRONGFUL DISCHARGE

49.     Plaintiff realleges and incorporates paragraphs 1-48 of this complaint by reference.

50.     Defendant wrongfully discharged Plaintiff from employment for refusing to violate and in violation of the fundamental and well-defined public policy in Wisconsin requiring workplace safety, as evidenced by Wis. Stat. § 103.02 and/or by the Occupational Safety & Health Act ("OSHA").

51.     As a result of Defendant's wrongful discharge in violation of public policy, Plaintiff

7

has suffered damages in the form of loss of wages and other employment benefits, compensatory and punitive damages, and other damages that he will establish at trial.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay and/or reinstatement, liquidated damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

2. Grant to Plaintiff his attorney fees, costs and disbursements as provided by 42 U.S.C. § 12117, 29 U.S.C. § 2617, and all other applicable statutes and provisions; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CASE.**

Dated this 10th day of July, 2025.

HEINS EMPLOYMENT LAW PRACTICE LLC
Counsel for the Plaintiff


_s/ Janet L. Heins_ .
Janet L. Heins, State Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
200 South Executive Drive, Suite 101
Brookfield, WI 53005
(262) 241-8444 voice
e-mail: jheins@heinslawoffice.com