RUSSELL ALEXANDER,

      Plaintiff,

     v.                         Case No. 25-cv-1001-JPS

ATI LADISH LLC,
D/B/A ATI FORGED PRODUCTS,

      Defendant.

## DEFENDANT'S CIVIL L.R. 7(h) EXPEDITED MOTION FOR RECONSIDERATION TO AUTHORIZE DEFENDANT TO FILE A MOTION TO DISMISS PLAINTIFF'S COMPLAINT

On Friday, May 8, 2026, Plaintiff missed his second properly noticed deposition. He has also failed to respond to Defendant's properly served First Set of Interrogatories and Second Set of Discovery Requests. Pursuant to Fed. R. Civ. P. 16(b)(4), 41(b) and Civil L.R. 7(h), Defendant respectfully requests that the Court reconsider its May 4, 2026, Text Only Order denying Defendant the ability to file a motion to dismiss and: (1) permit Defendant to file a motion to dismiss; and (2) stay the current summary judgment deadline of May 15, 2026.

The following facts are before the Court, pursuant to the three Executive Summaries filed on April 17, 2026 [Dkt. 14 (Summary Judgment)] and May 1, 2026 [Dkts. 15 (Summary Judgment), 16 (Motion to Dismiss)]:

- On February 13, 2026, Defendant served Plaintiff with its First Set of Interrogatories and Requests for Production of Documents. [Dkts. 14, 16; Doyle Dec. ¶ 2, Exs. A and A-1.]

- Plaintiff did not respond timely. Therefore, between March 16 and April 17, 2026, Attorney Doyle contacted Attorney Heins numerous times to request Plaintiff's responses, but he still failed to provide them. [Dkts. 14, 15, 16; Doyle Dec. ¶ 3, Ex. B.]

1

- On April 10, 2026, Defendant served Plaintiff with a Notice of Deposition for April 21, 2026, and its Second Set of Discovery Requests. [Dkts. 14, 15, 16; Doyle Dec. ¶ 4, Exs. C, C-1, and C-2.]

- On April 14, 2026, Defendant's counsel met and conferred with Plaintiff's counsel regarding both the outstanding discovery requests and Defendant's anticipated motion for summary judgment. Plaintiff's counsel promised that discovery responses would be provided by the end of the week. [Dkts. 14, 16; Doyle Dec. ¶ 5.]

- As of April 17, 2026, Plaintiff had not responded to Defendant's First Set of Discovery Requests or served any discovery requests of his own. [Dkts. 14, 16; Doyle Dec. ¶ 6.]

- On April 20, 2026, pursuant to the Court's April 20 Text Only Order, Attorney Doyle resent Attorney Heins the draft Executive Summary regarding Defendant's anticipated Motion for Summary Judgment, which also provided notice of Plaintiff's April 21, 2026, deposition. [Dkts. 15, 16; Doyle Dec. ¶ 7.] That deposition date was likewise reflected in this Court's April 20, 2026, Text Only Order ("Plaintiff's deposition is scheduled for this week, on 4/21/2026").

- Despite raising no objection to the deposition date, Plaintiff did not appear for his April 21, 2026, deposition. [Dkts. 15, 16; Doyle Dec. ¶ 8.]

- On April 22, 2026, Attorney Doyle requested another meet and confer with Attorney Heins, which was scheduled for April 24, 2026, via Teams. [Dkt. 16; Doyle Dec. ¶ 9.]

- On the morning of April 24, 2026, Attorney Heins declined the Teams invitation, and the meeting was rescheduled for April 27, 2026. [Dkt. 16; Doyle Dec. ¶ 9.]

- On April 27, 2026, Attorney Heins committed to serving discovery responses by May 1, 2026, and claimed she had no notice of Plaintiff's April 21, 2026 deposition. [Dkt. 16; Doyle Dec. ¶ 9.]

2

- Also on April 27, 2026, Attorney Doyle served an Amended Notice of Deposition for May 8, 2026, and reserved Defendant's Second Set of Discovery Requests. [Dkts. 15, 16; Doyle Dec. ¶ 10, Exs. D, D-1, and D-2.]

Between May 5 and May 7, 2026, Attorney Heins produced 3,475 pages of documents in response to Defendant's First Set of Discovery Requests. [Doyle Dec. ¶ 11.] Written responses to Defendant's First Set of Interrogatories, however, have never been provided. [Doyle Dec. ¶ 11.]

On May 7, 2026, Attorney Heins informed Attorney Doyle that her son was home sick from school, stating: "so I'm not sure what more I can accomplish before next week. In case Mr. Alexander's deposition was set for this week, I can't make that, either." [Doyle Dec. ¶ 12, Ex. E.]

Attorney Doyle responded the same day: "Mr. Alexander's deposition is scheduled for tomorrow, as you were aware. We expect Mr. Alexander to be present for his in-person deposition tomorrow, and we are willing to allow you to attend virtually." [Doyle Dec. ¶ 12, Ex. E.]

Attorney Heins replied, "Can't do it." [Doyle Dec. ¶ 12, Ex. E.] Attorney Nelson Foy then advised Attorney Heins that, given the summary judgment deadline, "We cannot push Mr. Alexander's deposition back any further. If you are unable to attend virtually or make arrangements for another attorney to attend on Mr. Alexander's behalf, then we will again ask the Court to dismiss this case." [Doyle Dec. ¶ 12, Ex. E.] Defendant heard nothing more from Plaintiff regarding his deposition. [Doyle Dec. ¶ 12.]

On May 8, 2026, Plaintiff did not appear for his properly noticed deposition. [Doyle Dec. ¶ 13.] As of the filing of this motion, Defendant has received no further correspondence from Attorney Heins regarding Plaintiff's deposition or his outstanding discovery. [Doyle Dec. ¶ 12.]

3

Plaintiff's responses to Defendant's Second Set of Discovery Requests are due today, May 11, 2026. [Doyle Dec. ¶ 4.] Based on Plaintiff's pattern of untimely or nonexistent discovery responses and failure to communicate, Defendant does not expect responses will be served today.

Due to Plaintiff's continued failure to respond to discovery, to appear for two properly noticed depositions, to communicate with Defendant regarding outstanding discovery, and to meaningfully participate in his own case, Defendant is not able to move for Summary Judgment as required by the Court's deadline [Dkt. 3]. Therefore, Defendant respectfully requests that the Court: (1) permit Defendant to file a Motion to Dismiss Plaintiff's Complaint and (2) stay all deadlines pending the Court's decision on this motion and on Defendant's Motion to Dismiss.

Dated this 11th day of May 2026.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*s/ Caitlyn Doyle*
Kristi S. Nelson Foy
*WI State Bar No. 1052439*
Caitlyn Doyle
*WI State Bar No. 1115470*
kristi.foy@ogletree.com
caitlyn.doyle@ogletree.com
Pabst Boiler House
1243 N. 10th Street, Suite 200
Milwaukee, WI 53205
Phone: 414-239-6400
Fax: 414-755-8289

*Attorneys for Defendant*
*ATI Ladisch LLC, d/b/a ATI*
*Forged Products*

4

| PROOF OF SERVICE | |
|---|---|
| The undersigned certifies that the foregoing instrument and associated declarations were served upon the parties to this action by serving a copy upon each of the individuals listed below on May 11, 2026, by: | |
| ☐ U.S. Mail | ☐ FAX |
| ☐ Hand Delivered | ☐ Electronic Mail |
| ☐ FedEx / Overnight Carrier | ☒ CM/ECF |

Janet L. Heins, State Bar No. 1000677
HEINS EMPLOYMENT LAW PRACTICE LLC
200 South Executive Drive, Suite 101
Brookfield, WI 53005
(262) 241-8444 voice
jheins@heinslawoffice.com
*Attorneys for Plaintiff*

*/s/ Caitlyn Doyle*

5