RUSSELL ALEXANDER,

      Plaintiff,

    v.                         Case No. 25-cv-1001-JPS

ATI LADISH LLC,
D/B/A ATI FORGED PRODUCTS,

      Defendant.

---

**DEFENDANT'S CIVIL L.R. 7(h) EXPEDITED MOTION FOR SANCTIONS AND FEES FOR PLAINTIFF'S FAILURE TO APPEAR FOR HIS THIRD DEPOSITION**

---

Plaintiff has failed to appear for <u>three</u> properly noticed depositions. Pursuant to Fed. R. Civ. P. 30(g)(1), 37(d)(1)(A)(i), and Civil L.R. 7(h), Defendant respectfully requests relief from this Court.

On April 10, 2026, Defendant served Plaintiff with a Notice of Deposition, setting Plaintiff's deposition for April 21, 2026. (Doyle Dec. ¶ 1, **Exs. A and A-1**). Neither Plaintiff nor his counsel, Attorney Janet Heins, appeared for Plaintiff's April 21, 2026, deposition. (Doyle Dec. ¶ 2).

On April 27, 2026, Defendant served Plaintiff with an Amended Notice of Deposition, setting Plaintiff's second deposition for May 8, 2026. (Doyle Dec. ¶ 3, **Exs. B and B-1**). Despite offering for Attorney Heins to appear virtually, neither Plaintiff nor Attorney Heins appeared for Plaintiff's May 8, 2026, deposition. (Doyle Dec. ¶¶ 4-5, **Ex. C**).

On May 15, 2026, the Court ordered Plaintiff to pay the costs associated with the May 8, 2026 missed deposition on or before June 4, 2026. [May 14, 2026, Text Only Order]. Plaintiff missed this court-imposed deadline and did not provide payment to Defendant until June 8, 2026. (Doyle Dec. ¶ 9).

On May 13, 2026, Defendant served Plaintiff with a Second Amended Notice of Deposition, setting Plaintiff's third deposition for May 26, 2026. (Doyle Dec. ¶ 6, **Ex. D**). Forty-five minutes before the start of the deposition, Attorney Heins informed Defendant she could not make it to the deposition. (Doyle Dec. ¶ 7, **Ex. E**). Neither Plaintiff nor Attorney Heins appeared for his May 26, 2026, deposition. (Doyle Dec. ¶ 8).

Sanctions are appropriate under Fed. R. Civ. P. 37(d)(1)(A)(i) as Plaintiff has shown consistent disregard for his obligations to appear for his deposition. As the court reporter's fees ordered to be paid after Plaintiff's second missed deposition did not motivate Plaintiff to appear for his third scheduled deposition, a greater sanction is appropriate. *See Collins v. Ill.*, 554 F.3d 693, 696 (7th Cir. 2009) (explaining that "the sanction imposed must be proportionate to the circumstances" (citing *Maynard v. Nygren*, 372 F.3d 890, 892-93 (7th Cir. 2004); *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996)).

Therefore, Defendant respectfully requests that the Court order Plaintiff to pay Defendant's cost associated with his May 8, 2026 deposition including: (1) the costs of the court reporter and (2) one hour of attorney time for Defendant's Attorneys Foy and Doyle.

Dated this 21st day of July, 2026.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*s/ Caitlyn Doyle*
Kristi S. Nelson Foy
*WI State Bar No. 1052439*
Caitlyn Doyle
*WI State Bar No. 1115470*
kristi.foy@ogletree.com
caitlyn.doyle@ogletree.com
Pabst Boiler House
1243 N. 10th Street, Suite 200
Milwaukee, WI 53205
Phone: 414-239-6400

2

Fax: 414-755-8289

*Attorneys for Defendant*
*ATI Ladish LLC, d/b/a ATI Forged Products*

3

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this day the foregoing *Defendant's Civil L.R. 7(h) Expedited Motion for Sanctions and Fees for Plaintiff's Failure to Appear for His Third Noticed Deposition* and all referenced attachments served upon the following parties via ECF:

> Janet L. Heins
> 200 S. Executive Drive, Suite 101
> Brookfield, WI  53005
> (262) 241-8444
> jheins@heinslawoffice.com
>
> *Attorney for Plaintiff*

Dated this 21st day of July, 2026.

> <u>s/ Alyssa Lynch</u>
> Alyssa Lynch

4